RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2005 MAY -6 PM 10: 16

NANCY M.
MAYER-WHITTINGTON
CLERK

FILED

MAY 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VELERIE JONES-COE, Pro Se ) <br> 1875 Savannah Place, S.E. ) <br> Washington, D.C. 20020, ) <br> Phone No. (202) 678-0540 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> THE DISTRICT OF COLUMBIA, ) <br> A municipal corporation ) <br> 1350 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20004 ) <br> ) <br> ANTHONY WILLIAMS, in his ) <br> Official capacity as Mayor of the ) <br> District of Columbia ) <br> 1350 Pennsylvania Avenue, N.W. ) <br> 6th Floor ) <br> Washington, D.C. 20004 ) <br> ) <br> MARTHA KNISELY, in her ) <br> Official capacity as Director ) <br> of the District of Columbia Department ) <br> of Mental Health ) <br> 77 P. Street, N.E., 4th Floor ) <br> Washington, D.C. 20002 ) | Civil Action No. <br><br> In forma pauperis petition filed <br><br> CASE NUMBER  1:05CV01056 <br><br> JUDGE: John D. Bates <br><br> DECK TYPE: Employment Discrimination <br><br> DATE STAMP: 05/26/2005 |

## COMPLAINT

### INTRODUCTION

On February 10, 2005, pro se plaintiff received a "Dismissal and Notice of Rights" from the U.S. Equal Employment Opportunity Commission, EEOC Charge No. 1.00-2005-00225.

1. Title I of the Americans with Disabilities Act prohibits state and local government agencies that employ 15 or more individuals from discriminating against qualified individuals with disabilities in all aspects of employment. Title II of the Americans with Disabilities Act prohibits state and local governments from discriminating against individuals on the basis of a perceived disability or record of having a disability.

2. As a matter of standard agency practice, defendants discriminated and continues to discriminate against plaintiff in that they returned to work other individuals (with a disability) following medical examinations, ordered by defendants and conducted by doctors paid by defendants, which determined that the other individuals could return to work.

3. Defendants intentionally failed, and continues to fail to refer plaintiff (a qualified individual with a disability) for employment and intentionally refused, and continue to refuse to return plaintiff to work following numerous medical examinations, ordered by defendants and conducted by doctors paid by the defendants, which determined plaintiff could return to work. Defendants provided an insufficient and inadequate rationale for the decision made.

4. District of Columbia law requires defendant, Martha Knisely, in her capacity as Director, Department of Mental Health, to, in the event of a conflict with other authority, to execute any final order of an administrative court where three a Three Administrative Law Judge Panel decided a conflicting issue.

5. This complaint seeks to redress the deprivation of rights conferred upon the plaintiff by the United States Constitution (Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), Title I, Chapter 25 of the Human Rights Act of 1977, and the District of Columbia laws. The plaintiff and the defendants reside in the District of Columbia and the events giving rise to the complaint occurred in the District of Columbia.

### RELIEF SOUGHT

Plaintiff respectfully request that this Court grant the following relief:

1. Declare the defendants have violated the following constitutional and statutory provisions:

    (a). D.C. Code subsection 1-624.45(b) (1), where defendants failed to immediately and unconditionally accord the employee, the right to resume her former, or equivalent, regular full-time employment position with the District of Columbia government.

    (b). Title 1, Chapter 25 of the Human Rights Act of 1977, where defendants refused to return plaintiff to work, thereby depriving plaintiff of employment opportunity and property rights.

    ©. Title II of the Americans with Disabilities Act, where defendants discriminated against plaintiff, as a qualified individual with a disability, on the basis of a record of having a disability, and defendant did not impose the same on others, as individuals with a disability.

(d). Title VII of the Civil Rights Act, where defendants conditioned plaintiff's employment on an additional medical examination, deprived plaintiff of employment and employment status.

(e). The Fifth Amendment of the U.S. Constitution by refusing to engage in reasoned decision making based upon review of a full record of evidence, where defendants only considered a previous final decision of one Administrative Law Judge and refused to return plaintiff to work, and defendants failed to consider a current final decision by a Three Administrative Law Judge Panel, which takes precedence in the event of a conflict with other authority.

2. Jury Trial

3. Preliminarily and permanently enjoin defendants to provide retroactive and prospective employment and benefits.

4. An award of $3,000,000.00 in punitive and compensatory damages, where defendants intentionally, willfully, and arbitrarily violated the aforementioned laws and statutes.

5. Such other relief as may be deemed proper by the Court.

Respectfully submitted,

Velerie Jones-Coe
1875 Savannah Place, S.E.
Washington, D.C. 20020
(202) 678-0540 (Telephone No.)