THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VELERIE JONES-COE,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>DISTRICT OF COLUMBIA, *et al.,*<br><br>　　　　　　Defendants | Case No. 05-1056 (JDB) |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The District defendants, through counsel and pursuant to Federal Rules of Civil Procedure Rules 55(c) and 60(b), oppose Plaintiff's Motion Entry of Default Judgment. As grounds, the District defendants state that Fed. R. Civ. P. 4 (j) (2) requires, in pertinent part, that municipal corporation, such as the District of Columbia, be served by delivering a copy of the summons and complaint to the chief executive officer. The Office of the Secretary's date stamp indicates that the Mayor was served on June 9, 2005. See Exhibit A attached, copy of the summons with the Secretary of D.C. date-stamp, indicating the date the Mayor was served. Consistent with the applicable rules, the District defendants' Answer was timely filed on June 29, 2005. Simultaneously, a Motion to Dismiss the Mayor Williams and Director Knisely was filed. Because the District defendants' responses to the Plaintiff's complaint were timely, the request for entry of default must be denied.

Although no default has been entered against the District, the analysis for denying a Motion for Entry of Default is the same. Rule 55(c) of the Federal Rules of Civil Procedure permits this Court to set aside an "entry of default" upon a showing of "good cause." It is long settled that Fed. R. Civ. P. 55(c) should be given a liberal construction.

*E.g.*, Barber v. Turberville, 218 F.2d 34, 36 (D.C. Cir. 1954); Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Consolidated Gas & Equipment Co. v. Carver, 257 F.2d 111, 114-15 (10th Cir. 1958). Any doubts as to whether relief should be granted from a default–*i.e.*, whether the default should be vacated–are to be resolved in favor of granting such relief. *E.g.*, Tolson v. Hodge, 411 F.2d at 130. As this Court has stated, "[i]n deciding whether to set aside a default or default judgment, the record must be construed in the light most favorable to the moving party." Asia N.A.M. Eastbound Rate Agreement v. BJI Industries, Inc., 900 F. Supp. 507, 511 (D.D.C. 1995), *supplemented on other gds.*, 923 F. Supp. 4 (D.D.C. 1996), *citing* Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980).    This is in keeping with the "judicial preference for adjudication on the merits." Oberstar v. Federal Deposit Insurance Corp., 987 F.2d 494, 504 (8th Cir. 1993). *See also* Asia N.A.M. Eastbound Rate Agreement v. BJI Industries, Inc., 900 F. Supp. at 510. Moreover, where there is a failure to specifically file a response to the complaint at an earlier date, this failing is not to be attributed to the client and the client is not to be penalized by a default or default judgment if any such failing was not the fault of the client. Jackson v. Beech, 636 F.2d at 831; Barber v. Turberville, 218 F.2d at 36.

THEREFORE, Defendant District defendants move this Honorable Court for an Order denying Plaintiff's Motion for Entry of Default Judgment.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General

                GEORGE C. VALENTINE
                Deputy Attorney General
                General Litigation Division

                                              _____/s/_____
                                              DAVID A. JACKSON [471535]
                                              Acting Section Chief
                                              General Litigation Division, § II

BY:   _____/s/_____
        E. LOUISE R. PHILLIPS [422074]
        Assistant Attorney General
        441 4th Street, N.W., Suite 6S066
        Washington, D.C. 20001
        (202) 724-6519 (main) (202) 724-6669
        (fax) (202) 727-3625
        (e-mail)  louise.phillips@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 11th day of August, 2005, to:

Velerie Jones-Coe
1875 Savannah Place, SE
Washington, D. C. 20020

                                              _____/s/_____
                                              E. Louise R. Phillips
                                              Assistant Attorney General

Case 1:05-cv-01056-JDB   Document 9   Filed 08/11/2005   Page 4 of 4

4