UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VELERIE JONES-COE,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**THE DISTRICT OF COLUMBIA, et al.,**<br><br>    **Defendants.** | Civil Action No. 05-1056 (JDB) |

### MEMORANDUM OPINION

      Plaintiff, appearing *pro se*, filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and District of Columbia statutes. The complaint names as defendants the District of Columbia, Anthony Williams, the Mayor of the District of Columbia, and Martha Knisley, the Director of the District of Columbia Department of Mental Health. The individual defendants move to dismiss. Based on the allegations in the complaint, the parties' pleadings, and the applicable law, the motion will be granted.

*Background*

      Plaintiff alleges that she was a District of Columbia government employee. Complaint, ("Compl."), ¶ 2. She claims that following a medical examination, defendants refused to allow her to return to work based on her disability. *Id.,* ¶¶ 2-3. Plaintiff also alleges that other employees in similar circumstances were allowed to return to work by defendants. *Id.,* ¶ 2. According to plaintiff, defendants have provided an insufficient and inadequate rationale for their decision. *Id.,* ¶ 3. Plaintiff received a "right-to-sue" letter from the Equal Employment

Opportunity Commission on February 10, 2005. *Id.*, p. 1.

### *Standard of Review*

Defendants Williams and Knisley move to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In ruling on the motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### *Analysis*

The complaint names as defendants Anthony Williams, the Mayor of the District of Columbia, and Martha Knisley, the Director of the District of Columbia Department of Mental Health, as well as the District of Columbia itself. The complaint states that the individual defendants are being sued in their official capacities.

A government official may be held personally liable only if sued in an individual rather than an official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Since the individual defendants are only named in the complaint because of their official capacities, the District of Columbia is the sole proper party and the individual defendants must be dismissed. *See id.*

*Conclusion*

Based on the foregoing, defendants Anthony Williams and Martha Knisley will be dismissed.  An appropriate order will accompany this Memorandum Opinion.

JOHN D. BATES
United States District Judge

Dated:   October 5, 2005