UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VELERIE JONES-COE,

    Plaintiff,

        v.                        Civil Action No. 05-1056 (JDB)

DISTRICT OF COLUMBIA,

    Defendant.

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and District of Columbia statutes. Defendant has moved to dismiss the federal claims on the ground that the complaint has been untimely filed.[1]

*Background*

Plaintiff alleges that she was a District of Columbia government employee. Complaint, ("Compl."), ¶ 2. She claims that following a medical examination, defendant refused to allow her to return to work based on her disability. *Id.,* ¶¶ 2-3. Plaintiff also alleges that other employees in similar circumstances were allowed to return to work by defendant. *Id.*, ¶ 2. According to plaintiff, defendant has provided an insufficient and inadequate rationale for its decision. *Id.*, ¶ 3. Plaintiff received a "right-to-sue" letter from the Equal Employment Opportunity Commission on February 10, 2005. *Id.*, p. 1. The complaint and plaintiff's motion for leave to proceed *in forma*

---

[1] In an order dated October 5, 2005, the Court dismissed the other named defendants in this action.

*pauperis* were received by the Clerk of the Court on May 6, 2005. *Id*. The Court granted the motion, and the Clerk of the Court filed the complaint on May 26, 2005. *Id.*

### *Standard of Review*

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on the motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### *Analysis*

Defendant moves to dismiss the complaint on the ground that it has been untimely filed. 42 U.S.C. § 2000e-5(f)(1) states, in pertinent part, that:

> If a charge filed with the Commission [EEOC] ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...

The 90-day statutory period is not jurisdictional, but rather is a statute of limitations subject to equitable tolling. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998). Tolling is permitted where "vital information bearing on the existence of [the] claim" is

unobtainable despite best efforts by the individual. *Id.* at 579. The burden of proof for equitable tolling is high and hence it is available only in extraordinary circumstances. *Id.* at 579-80. Where no such circumstances are found, the court cannot extend the statutory period "even by one day." *Anderson v. Local 201 Reinforcing Rodman*, 886 F.Supp. 94, 97 (D.D.C. 1995).

In this case, it is undisputed by defendant that plaintiff received the right to sue letter from the EEOC on February 10, 2005. Plaintiff submitted her complaint to this Court on May 6, 2005, along with a motion for leave to proceed *in forma pauperis*. The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a plaintiff leave to proceed *in forma pauperis*. *El v. Belden*, 360 F.Supp. 2d 90, 92 (D.D.C. 2004); *Washington v. White*, 231 F.Supp.2d 71, 75 (D.D.C. 2002). The application to proceed *in forma pauperis* was granted on May 26, 2005, and the complaint filed by the Clerk the same day.

The 90-day period is tolled between the time that a complaint and an application to proceed *in forma pauperis* are received by the Court and the time that the Court rules on the application. *Id.* Therefore, plaintiff's complaint was timely because it was filed 85 days after plaintiff received the right to sue letter, well within the statutory 90-day filing period.

### *Conclusion*

Based on the foregoing, defendant's motion to dismiss will be denied. An appropriate order accompanies this Memorandum Opinion.

JOHN D. BATES
United States District Judge

Dated: December 16, 2005